UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,  Case No. 16-cr-22-pp

        Plaintiff,

v.

EDMUND PARKER,
OLEVIA SPILLER, and
JOSHLYN OWENS,

        Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SUPPRESS EVIDENCE BASED ON WARRANTLESS SEARCHES OF HOTEL ROOM AND MOTOR VEHICLE (DKT. NOS. 30, 33 and 37[1])**

---

On March 29, 2016, the defendants filed a motion to suppress evidence recovered from searches of a 2015 Buick Acadia GMC and a hotel room. Dkt. No. 30. The government responded on April 4, 2016, dkt. no. 39, and the defendants replied, dkt. nos. 42, 43. On August 15, 2016 (after holding an evidentiary hearing), Judge Joseph recommended that this court deny the defendants' motion to suppress. Dkt. No. 64. The court adopts that recommendation, and will deny the motion.

According to the motion, the government began in investigating the defendants for alleged drug dealing in the spring of 2015. Dkt. No. 30 at 1.

---

[1] Counsel for defendant Parker filed the motion on March 29, 2016, on behalf of all three of the defendants. Dkt. No. 30. On March 30, 2016, counsel for defendant Owens filed the identical motion. Dkt. No. 33. On April 2, counsel for defendant Spiller filed the identical motion. Dkt. No. 37. When citing to the motion, the court will reference the first-filed copy, Dkt. No. 30.

1

Through a series of phone calls among a confidential source, various of the defendants, and others, investigating agents came to believe that defendant Parker was going to conduct a drug deal involving two kilograms of heroin on January 21, 2016. Id. On that day, two officers set up surveillance on defendant Parker when he arrived at Mitchell International Airport. Id. at 2. At the airport, Parker was picked up by two women in a 2015 Buick Acadia GMC; the officers followed this vehicle to the Hilton hotel at 509 W. Wisconsin Avenue in Milwaukee. Id. The officers learned that defendant Spiller had rented room 1209, and they obtained a key to that room from the management of the hotel. Id. After the confidential source had obtained a sample of the heroin from defendant Parker inside room 1209, the officers tried to use the key to enter the hotel room, but someone had engaged the safety latch on the inside of the hotel room door. The officers then broke down the door with a ram, went into the room, and found Spiller and Owens in the sleeping area and Parker in the bathroom. Id. The officers arrested all three defendants, and all three gave incriminating statements. Id. The officers searched the room. They then obtained the keys to the Buick, drove it to a safe area, searched it, and found a kilogram of heroin inside. Id.

The defendants argued that the search of both the hotel room and the Buick took place without a warrant, and thus that any evidence seized from those searches should be suppressed.

On May 19, 2016, Judge Joseph conducted an evidentiary hearing on the allegations in the motion. Dkt. No. 52. That hearing produced more detail

2

regarding the January 21, 2016 transaction. Id. at 2-9. Judge Joseph concluded that law enforcement's initial entry into room 1209 did not fall under the "exigent circumstances" exception to the warrant requirement, mostly because there was no evidence that the defendants had any idea they were being watched by law enforcement, and thus had no reason to try to get rid of evidence in the hotel room. Id. at 10-17. She also found that the government's "passing" argument that the agents were justified in entering the hotel room to secure the premises did not excuse their failure to obtain a warrant. Id. at 17-18.

The government's final argument with regard to the search of the hotel room was that defendant Spiller had voluntarily consented to that search (the room had been registered in her name). Id. at 18. Citing United States v. Robeles-Ortega, 348 F.3d 679, 681 (7th Cir. 2003), Judge Joseph noted that a search that follows an illegal entry can be justified by consent, but that that consent must be voluntary, and the illegal entry must not have tainted the consent. To make that determination, courts must look at "(1) the temporal proximity of the illegal reentry and the consent, (2) the presence of intervening circumstances, and, particularly (3) the purpose and flagrancy of the official misconduct." Id. (citations omitted).

Judge Joseph found that there was nothing in the record to indicate that Spiller did not voluntarily consent—she was not coerced or intimidated, was not threatened, and appeared calm. Dkt. No. 64 at 20. The question was whether the illegal entry into the hotel room tainted that consent. Judge

3

Joseph found that temporal proximity did not indicate taint—the officers did not ask Spiller for consent until fifteen or twenty minutes after they entered the room. Id. at 21. Judge Joseph disagreed with the government, however, that there were intervening circumstances that attenuated the impact on Spiller of the illegal entry. During those fifteen or twenty minutes before the officers asked Spiller for her consent, the officers were trying to get into the bathroom (Parker was inside, preventing them from entering, and flushing sounds were emanating from the bathroom). Id. at 21-22. Judge Joseph found that, rather than intervening to attenuate the illegal entry from the consent, those actions extended the impact of the entry. Id. at 22. Judge Joseph also found that the entry was flagrant—the officers knocked and announced for ten seconds, then breached the hotel room door with a ram and entered with their firearms drawn. Id. She also found that the fact that the officers obtained a key to the room from the manager before entering demonstrated that they planned to enter, regardless of the circumstances, which supported a finding of flagrancy. Id.

    Finally, as to the purpose of the entry, Judge Joseph found that the fact that the agents had been in touch with the prosecutor in case they needed a warrant, but then didn't actually get one, showed that their purpose in entering without a warrant was to further their investigation. For all of these reasons, Judge Joseph concluded that the officers' illegal entry tainted Spiller's consent, and recommended that this court grant the motion to suppress the evidence recovered from the hotel room. Id. at 23.

4

The court agrees with Judge Joseph, and adopts her recommendation as to the fruits of the hotel room search. The officers did not seek a warrant, despite the fact that they had identified a prosecutor in case they needed the warrant, there was no indication that the people in the room knew they were under surveillance and were trying to flee or destroy evidence, and the officers did not need to enter to prevent destruction of evidence or to secure the room. While Spiller later consented to a search of the room, she did so after a flagrant and purposeful entry by the officers, which tainted the voluntary nature of that consent. The court will grant the motion to suppress the evidence seized from the hotel room.

The defendants also argued that, because the officers found the car keys in the hotel room, the evidence seized from the Buick ought to be suppressed as fruit of the poisonous tree. Id. The government responded that the police had probable cause to believe that there were drugs in the car, and that the discovery of those drugs was inevitable due to the fact that the officers were going to arrest the defendants. Id.

Noting that officers may search a vehicle without a warrant if they have probable cause to believe the vehicle contains contraband or evidence of a crime, see United States v. McGuire, 957 F.2d 310, 314 (7th Cir. 1992), Judge Joseph found that the Buick was parked, not in someone's home garage, but in a publicly-accessible parking garage. Dkt. No. 64 at 24. The officers knew that Parker had been coming to Milwaukee to sell heroin to the source, knew that there had been discussions of using a car with a trap or hiding place to carry

5

the drugs, had seen the two women enter the car with an empty bag and leave it carrying something heavy and square in that bag. Id. And a drug dog had alerted to the presence of drugs in the car. Id. Judge Joseph concluded, and this court agrees, that these facts were sufficient to give the officers probable cause to search the car. The court will accept Judge Joseph's recommendation, and will deny the motion to suppress the evidence resulting from the search of the Buick Acadia.

In sum, the court agrees with Judge Joseph's conclusions, and with her recommendation. For these reasons, the court adopts Judge Joseph's report and recommendation in whole, and incorporates her conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendants' motion to suppress the evidence seized from room 1209 at the Hilton hotel in downtown Milwaukee is **GRANTED**. Dkt. Nos. 30 (defendant Parker), 33 (defendant Owens) and 37 (defendant Spiller). The court **ORDERS** that the defendants' motion to suppress the evidence seized from the Buick Acadia is **DENIED**. Dkt. Nos. 30 (defendant Parker), 33 (defendant Owens) and 37 (defendant Spiller).

Dated in Milwaukee, Wisconsin this 14th day of October, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge