UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                     Case No. 16-cr-22-pp

OLEVIA SPILLER,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE PROBATION EARLY (DKT. NO. 108)

On April 13, 2017, this court sentenced the defendant to three years of probation, dkt. no. 98, after she pled guilty to a violation of 18 U.S.C. §1952(a)(3), dkt. no. 76. On June 3, 2019, the defendant asked the court to terminate her probation early. Dkt. No. 108. The defendant is scheduled to discharge on April 6, 2020. Neither probation nor the government oppose the motion. Dkt. Nos. 110, 111.

The court transferred supervision of the defendant to the Southern District of Texas, Houston Division, at the time of sentencing. Both the defendant and the probation department report that the defendant has been compliant with the conditions of supervision—she has maintained stable employment and a stable residence, she obtained a degree in cosmetology and works as a nail technician. She also is working on another degree in that field. Dkt. No. 108 at 1. The defendant cites two changes in her life that require

frequent travel. <u>Id.</u> First, the defendant had a baby, and the baby's father lives in North Carolina. <u>Id.</u> Second, the defendant's mother died of a heart attack on April 22, 2019. <u>Id.</u> Her mother frequently traveled to North Carolina to assist a disabled relative, and the defendant now must take on that role. <u>Id.</u> at 2.

The probation officer filed a memorandum, indicating that the defendant poses no identified risk to the public and remains free of violations. Dkt. No. 110. The officer recommends early discharge, as does the government. The government points out that the defendant has served more than two years of her probation without violations. Dkt. No. 111.

Under 18 U.S.C. § 3564(c), the court may grant early termination of probation if the defendant has served at least one year, the government is given notice and an opportunity to be heard, and termination is in the interest of justice based on the defendant's conduct and the sentencing factors under 18 U.S.C. §3553(a). <u>United States v. Khan</u>, 2014 WL 5334653, *1 (E.D. Wis. Oct. 20, 2014). The district court need not make explicit findings on each of the relevant § 3553(a) factors, but must give some indication that it considered those factors. <u>United States v. Carter</u>, 408 F.3d 852, 854 (7th Cir. 2005).

The defendant has been on supervised release for longer than one year, and the court gave the government notice and the opportunity to respond to the motion (which it has done). The issue, then, is whether early termination is in the interest of justice, based on the §3553(a) factors and the defendant's own conduct.

The first §3553(a) factor is the seriousness of the offense. The defendant admitted to participation in transporting a large amount of heroin from Houston to Milwaukee. The court concluded, however, that while the defendant knew that she was involve in transporting something illegal, she didn't know what that something was, and she did so only once.

A second §3553(a) factor is the defendant's personal history and characteristics. The defendant's employment led to her involvement in this offense, but she has left that work. She has completed her degree in cosmetology and continues to work on her education. She has demonstrated an ability to maintain employment, maintain a residence and care for her child. She has explained her reasons for asking for the early termination—the travel restrictions are burdensome because the father of her child and a disabled relative live in North Carolina.

Additional §3553(a) factors include the need to afford adequate deterrence and protect the public. The defendant's probation officer in the Southern District of Texas supervises her on a low threat case load and the defendant reports via the Electronic Reporting System, which means that the supervising agent does not see the defendant as a danger to the public. To the extent that sentences the courts impose act as a general deterrent, the sentence of probation imposed here has served that purpose. Regarding specific deterrence, it does not appear necessary to keep the defendant on probation to make sure that she lives a pro-social, productive life. The court

finds that the §3553(a) factors weigh in favor of the court terminating the defendant's probation early.

The court congratulates the defendant on her hard work, the positive changes in her life and all that she has accomplished since she appeared before the court in Milwaukee. The defendant should be proud of her new career, her education and her role as a mother. It is fairly unusual for both the probation department and the government to recommend early termination of supervision; the defendant should be proud that she has earned this distinction. The court wishes the defendant all the best in the future.

The court **GRANTS** the defendant's motion for early termination of probation. Dkt. No. 108.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**